JUDGE STEIN

06 CV 3187

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHERYL BRICKEY,

           Plaintiff,

- against -

VERIZON SICKNESS AND ACCIDENT
DISABILITY BENEFIT PLAN
and VERIZON COMMUNICATIONS, INC.

           Defendants.

CV:

ECF CASE

**COMPLAINT**

RECEIVED APR 25 2006 U.S.D.C. S.. N.Y. CASHIERS

---

Plaintiff, CHERYL BRICKEY, by and through her attorneys, FRANKEL & NEWFIELD, P.C., as and for her Complaint against Defendants VERIZON SICKNESS AND ACCIDENT DISABILITY BENEFIT PLAN and VERIZON COMMUNICATIONS, INC., hereby sets forth the following:

### THE PARTIES

1. At all times hereinafter mentioned, Plaintiff CHERYL BRICKEY, was and still is a resident of the State of Missouri.

2. Upon information and belief, at all times hereinafter mentioned, Defendant VERIZON COMMUNICATIONS, INC. ("VERIZON") is a foreign corporation licensed to do business in the State of New York, with a principal office located at 1095 Avenue of the Americas, New York, New York.

3. Upon information and belief, Defendant VERIZON SICKNESS AND ACCIDENT DISABILITY PLAN was and is the relevant employee welfare benefit plan involved with Plaintiff's claim for benefits ( hereinafter "the Plan").

4. Pursuant to ERISA, 29 USC 1002 and/or 29 USC 1132(d)(1), the Plan may be sued as an entity.

## JURISDICTION AND VENUE

5. Jurisdiction is founded on 28 U.S.C. §1331 because this action arises under 29 U.S.C. §1001 et. seq. (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

6. Venue in the Southern District of New York is appropriate because Defendant VERIZON resides in this judicial district, is subject to personal jurisdiction in this judicial district and maintains contacts in this judicial district sufficient to subject it to personal jurisdiction.

7. Pursuant to 28 U.S.C. §1391(a)(1) and §1391(c), this action is properly venued in the Southern District of New York.

## FACTS

8. At all times hereinafter mentioned, Plaintiff was an employee of Verizon or GTE, a predecessor corporation later acquired by Defendant VERIZON or an affiliate

9. During Ms. Brickey's employment with VERIZON and/or GTE, she was insured under a long term group disability income policy (hereinafter the "Policy").

10. At all times hereinafter mentioned, said disability policy of insurance was issued for the benefit of certain eligible VERIZON and/or GTE employees in exchange for the payment of premiums by VERIZON and/or GTE and/or the employees.

11. At all times mentioned herein, Plaintiff was and is an employee eligible for disability benefits and an insured under the Policy issued by VERIZON and/or GTE.

12. At all times mentioned, Plaintiff was a participant in the Plan.

13. Said policy provided, among other things, that disability insurance payments will be made to Plaintiff in the event that she becomes disabled.

14. On or about October 12, 1999, during the period within which said Policy was in full force and effect, and while Plaintiff was an eligible employee, Plaintiff became disabled within the meaning and pursuant to the terms of said Policy.

15. As of this date, Plaintiff continues to be disabled in that she is unable to perform the duties of her job, or some other gainful occupation taking into account her training, education, experience and her predisability earnings.

16. Plaintiff's disability is caused by, among other things, chronic pain and fatigue, fibromyalgia, and her associated diminished functional capacity.

17. After receiving the claim forms, Plaintiff filed a claim, cooperated with Defendant and/or its agents, provided proper proof of loss, and otherwise compiled with the policy terms and conditions regarding the filing of a claim.

18. Pursuant to the policy, VERIZON and/or its agent was obligated to commence the periodic payment of monthly benefits to Plaintiff on a timely basis.

19. During the time Plaintiff's disability claim was pending and/or under review, Plaintiff was deemed disabled by the Social Security Administration on April 21, 2003 with an onset date of October 12, 1999.

20. Thereafter, and despite Plaintiff's continuing total disability, Defendant terminated further benefits to Plaintiff and continues to refuse to pay further benefits pursuant to the policy, although payment thereof has been duly demanded.

21. Plaintiff submitted internal appeals to Defendant's agent, Met Life and thereafter to Defendant VERIZON and/or Defendant the Plan.

22. Notwithstanding Plaintiff providing strong evidence in support of her continued benefits, Defendants and its agent willfully and wrongfully refused to alter its position and breached the policy terms and conditions.

23. By letter date February 10, 2004, Defendantss notified Plaintiff that it was refusing to alter its position as to her eligibility for benefits and advised her that she could pursue an action under ERISA.

24. Monthly benefits to Plaintiff are continuing to be due and payable by Defendants with the passage of each month.

25. Defendants are conflicted decision makers because it has a financial interest in the outcome of Plaintiff's claim and has therefore failed to properly consider Plaintiff's claim.

26. Defendants' structural conflict of interest due its financial interest in the claim resulted in a number of procedural irregularities in its claim handling, including but not limited to, the reliance upon a biased and unreliable physical examination, the failure to properly consider Plaintiff's subjective complaints, the refusal to accept the well supported findings of Plaintiff's medical doctor, and the failure to consider the significant physical, mental, emotional and stamina requirements or the duties of any occupation for which she is qualified taking into account training, education or experience and her predisability earnings.

27. Defendants' claim handling resulted in numerous violations of 29 CFR § 2560.503-1.

28. Defendants' claim handling failed to provide Plaintiff with a full and fair review of her claim.

29. Defendants' claim handling demonstrates a bias against Plaintiff's claim due to its impact on Defendants' financial situation and prevented Plaintiff from receiving a full and fair review of her claim.

30. Plaintiff has exhausted all administrative appeals and remedies to the extent they exist pursuant to the conditions of the employee benefit plan.

31. Plaintiff continues to be totally disabled, and monthly benefits are due and owing to her with the passage of each month.

**WHEREFORE**, Plaintiff CHERYL BRICKEY prays that she may have a declaratory judgment herein declaring the rights and other legal relations of the parties hereto regarding the matters set forth in this Complaint specifying the following:

a) Plaintiff is disabled pursuant to the language and within the meaning of the subject policy of insurance issued by Defendant.

b) Defendant is obligated to pay continuing benefits to Plaintiff pursuant to the policy and shall pay all benefits in arrears due and owing since the denial of benefits, plus interest;

c) Defendant's obligation to pay benefits to Plaintiff shall continue as long as she remains totally disabled, subject to the applicable benefit period in the policy;

d) Plaintiff shall be afforded appropriate equitable relief to redress Defendant's violation of the terms of the Policy;

e) Pursuant to ERISA §502 et. seq., Plaintiff shall be entitled to recoup her attorney's fees, as well as all other costs and disbursements of this action;

f)      Plaintiff may return to this Court, upon motion, to seek further declaratory relief in the event that it becomes necessary; and

g)      Such other and further relief as the Court may deem just and proper.

Dated: Garden City, New York
       March 3, 2006

                                By:     _____
                                        Jason A. Newfield (JN-5529)
                                        FRANKEL & NEWFIELD, P.C.
                                        585 Stewart Avenue
                                        Garden City, New York 11530

                                        Attorneys for Plaintiff

X:\Shared\Brickey\draft-complaint.wpd